UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

FRED CORDOBA, *et al*,                    §
                                          §
        Plaintiffs,                       §
VS.                                       §        CIVIL ACTION NO. 7:13-CV-516
                                          §
HSBC BANK, NATIONAL                       §
ASSOCIATION,                              §
                                          §
        Defendant.                        §

## OPINION AND ORDER DENYING MOTION TO DISMISS

Pending before the Court is the self-styled "Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support,"[1] filed by HSBC Bank, National Association, as Trustee for NAAC Mortgage Pass-through Certificates, Series 2007-1 ("Defendant"). Fred and Nancy Cordoba ("Plaintiffs") have filed a response,[2] and Defendant has replied.[3]

After considering the motion, response, reply, record, and relevant authorities, the Court **DENIES** the motion.

### I.    Background

On September 2, 2006, Plaintiffs and Defendant executed a home equity note ("Note"),[4] under which Defendant provided a loan secured by Plaintiffs' residence.[5] The Note provided that Plaintiffs would make their monthly mortgage payments on the first of every month.[6] If Plaintiffs paid less than the full amount on the first of the month, then Plaintiffs would be in default,[7] and

---

[1] Dkt. No. 4.
[2] Dkt. No. 5.
[3] Dkt. No. 9.
[4] Dkt. No. 4, Attach. 2.
[5] Dkt. No. 4, Attach. 3.
[6] *Id.*, ¶3(A).
[7] *Id.*, ¶6(B).

owe an overdue payment of 5% of the amount due.[8] Most pertinently to the legal arguments the Court will shortly examine, Paragraph 6 of the Note then provided:

> "**(C) Notice of Default**
> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means. . . .
>
> **(D) No Waiver by Note Holder**
> Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time."

After executing the Note, Plaintiffs allege that they established "a history of making late payments" on which they came to rely.[9] The parties fail to narrate any sort of case history that might show how and when Plaintiffs defaulted, and in what way Defendant responded. Presumably, however, Plaintiffs defaulted. They allege that "at no time prior to the installment for which acceleration was made did the Defendant ever inform the Plaintiffs that late payments would no longer be tolerated."[10] Plaintiffs filed suit in State court,[11] and Defendant removed on diversity jurisdiction.[12]

In the motion to dismiss now before the Court, Defendant states that "there is simply no basis in law or fact to support Plaintiffs' contention that [Defendant] waived its right to insist upon timely payment and waived the right to accelerate the debt based upon the alleged prior pattern and course of conduct between the parties of allowing late payments."[13] In their reply, Defendant argues that Plaintiffs have pled insufficient facts on which to rest their legal claim.[14]

---

[8] *Id.,* ¶6(A). Since the monthly payments were $6,335.64 (*see* ¶3(b)), this late payment would be $316.78.
[9] Dkt. No. 1, Attach. 4 at p. 2, ¶8.
[10] *Id.*
[11] Dkt. No. 1, Attach. 4.
[12] Dkt. No. 1.
[13] Dkt. No. 4 at p. 4, ¶7.
[14] Dkt. No. 9.

The Court will briefly examine standards for a 12(b)(6) motion, then take these arguments in turn.

## II.    Standards for Dismissal

Before a party has answered a complaint, the proper mechanism for removing a claim from the Court's consideration is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6);[15] since Defendant filed the motion to dismiss prior to filing its answer, it properly seeks dismissal under this rule. At the motion to dismiss stage, the Court limits its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[16] It is true that, although a court cannot look beyond the pleadings in considering a 12(b)(6) motion,[17] documents "attache[d] to a motion to dismiss are considered part of the pleadings, where they are referred to in the plaintiff's complaint and are central to [the] claim."[18]

"To survive a 12(b) motion to dismiss the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[19] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[20] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the Plaintiffs.[21] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[22]

---

[15] FED. R. CIV. P. 12(b)(6).

[16] Wilson v. Birnberg, 667 F.3d 591, 600 (5th Cir. 2012) (quoting Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996)) (internal quotation marks omitted).

[17] See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999).

[18] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)) (endorsing the practice of including those documents which are referenced by and central to a plaintiff's claim, since such inclusion "assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

[19] In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), cert. denied, 552 U.S. 1182 (2008).

[20] Twombly. at 555.

[21] Id.

[22] In re Katrina Canal at 205 (quoting Twombly, 550 U.S. at 555).

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[23] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[24] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[25] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[26]

This Court's jurisdiction is invoked on the basis of diversity of citizenship.[27] This Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[28]  Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[29]

### III.   Acceleration, Default, and the Pleadings of Fact

"The exercise of the power of acceleration is a harsh remedy and deserves close scrutiny."[30] By quoting the nonwaiver clause alone and then arguing that acceleration itself provides notice of intent to accelerate, Defendant appears to argue that it may accelerate the loan at any time Plaintiffs remain in default, without opportunity to cure or notice of intent to

---

[23] Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).
[24] *See id.* at 1949-50 (2009).
[25] *See id.*
[26] In re So. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[27] *See* Dkt. No. 1 at p. 3.
[28] *See* Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas, 889 F.2d 674, 676 (5th Cir. 1989); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
[29] *Id.* (quoting West v. AT&T, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[30] Vaughan v. Crown Plumbing & Sewer Serv., Inc., 523 S.W.2d 72, 75 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ re'd n.r.e.).

accelerate.[31] This argument rips the nonwaiver clause out of its contractual context, conflates acceleration and default, and misstates Texas law on loan acceleration.

*Notice of Default and Time to Cure*

Placed back in its contractual context, the Paragraph 6(D) nonwaiver clause merely stipulates that a course of conduct between the parties will not waive the Paragraph 6(C) process of default, opportunity to cure, and possible acceleration. Through that process, Defendant will always have the right to require Plaintiffs to pay the missing mortgage payment.[32] The nonwaiver clause does not address, much less waive, the notice of intent to accelerate; it preserves the right "as described above" to declare Plaintiffs in default, to require them to cure the default no earlier than 30 days from the declaration of default, and then (with proper notice) to accelerate the loan.

The debate over whether the nonwaiver clause removes the duty to give notice of intent to accelerate, explored below, is thus a red herring.[33] The nonwaiver clause simply does not refer to the Texas requirement to give notice of intent to accelerate, to which the Court now turns.

*Notice of Intent to Accelerate*

Texas has set strict requirements for proper notice of intent to accelerate, following an opportunity to cure the default. Puzzlingly, Defendant cites *Stanley*[34] to show "there was simply no requirement that [Defendant notify Plaintiff] that it would not accept any further late

---

[31] Dkt. No. 4 at p. 4, ¶¶7-8.

[32] Moreover, Plaintiffs cannot lose their opportunity to cure the default. Tex. Prop. Code § 51.002(d) ("**Notwithstanding any agreement to the contrary**, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." (emphasis added)).

[33] For Plaintiffs' response, which similarly misses the point, *see* Dkt. No. 5 at pp. 3-7.

[34] Stanley v. CitiFinancial Mortgage Co., Inc., 121 S.W.3d 811 (Tex. App.—Beaumont 2003, no pet.).

payments prior to acceleration and foreclosure."[35] This is not the ruling in *Stanley*. Rather, the *Stanley* Court noted that in *Highpoint of Montgomery Corp. Vail*,[36] the Houston Court of Appeals held that under the circumstances, before allowing the loan holder to permit an additional late payment to constitute default, the holder was required to notify the debtor that late payments would no longer be accepted. Thus, *Stanley* stands for the proposition that the loan holder may be required to give notice that it will not accept any further late payments prior to acceleration. *Stanley* further specifically held that:

> Where the holder of a promissory note has the option to accelerate the maturity of the note upon the maker's default, equity demands that notice be given of the intent to exercise the option. Such notice must afford an opportunity to cure the default and apprize [sic] the debtor that failure to cure the default will result in an acceleration of the note and foreclosure. If after such notice, the mortgagor fails to remedy the breach, the mortgagee is then authorized to accelerate maturity and begin foreclosure proceedings under the deed of trust.[37]

Further, the requirement that the note holder must apprise the debtor that failure to cure the default "will result in an acceleration" has been strictly construed: the Texas Supreme Court found inadequate a notice that only warned the debt *might* be accelerated.[38] Notice of intent to accelerate must be clear and in no uncertain terms.

An established pattern of late payments only strengthens these notice requirements. Where "the holder of the note has accepted late payments on numerous occasions in the past, he is precluded from accelerating the maturity of an installment note because of a single late

---

[35] Dkt. No. 9 at pp. 2-3.

[36] Highpoint of Montgomery Corp. v. Vail, 638 S.W.2d 624 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

[37] *Stanley* at 818. Somewhat confusingly, *Stanley* then goes on to say, "Proper notice that the debt has been accelerated cuts off the debtor's right to cure his default and gives notice that the entire debt is due and payable." This statement is best understood to mean the debtor does not get a second chance to cure the default. Taking this language with the preceding section of this opinion shows that the notice of default was required by Texas statute, Texas common law, and by the terms of the contract itself.

[38] Ogden v. Gibraltar Sav. Ass'n, 640 S.W.2d 232, 234 (Tex. 1982) ("Notice that the debt has been accelerated, however, is ineffective unless preceded by proper notice of intent to accelerate."). This ruling also means that the terms of the Note could not themselves constitute proper notice. *See also* Shumway v. Horizon Credit Corp., 801 S.W.2d 890, 892 (Tex. 1991) ("The note holder must also notify the maker both of his intent to accelerate and of the acceleration.").

payment unless he has, prior to the late payment for which default is claimed, notified the maker that in the future he will not accept late payments."[39]

Texas' clear requirements for notice of intent to accelerate the loan not only show that Plaintiffs have pled a claim recognized in state law, they also show that Plaintiffs do not need a waiver theory to establish this duty. Therefore, the debate over whether the parties' course of conduct waived Defendants' right to accelerate the loan merely reflects both parties' inadequate reading of the original complaint. In their original complaint, Plaintiffs alleged that they never received the required notice of intent to accelerate.[40] Defendants responded that they had not waived the right "to insist upon timely payment" and "to accelerate the debt."[41] It should now be clear that default and acceleration differ from notice of intent to accelerate, so this response missed the mark. Rather than reframe the debate using their original allegations, Plaintiffs elected to continue the debate over waiver.[42] The Court notes that Plaintiffs' counsel has filed an identical response to a motion to dismiss in a different case, a case in which the plaintiffs actually do allege waiver of the right to timely payment and to accelerate the debt. The Court urges counsels to evaluate each case before using the copy and paste function.

*Default and Pleadings of Fact*

Though notice of default and notice of intent to accelerate differ and are separately required under Texas law, the contractual notice of default and opportunity to cure could also

---

[39] McGowan v. Pasol, 605 S.W.2d 728, 732 (Tex. Civ. App.—Corpus Christi 1980, no writ). *See also* Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 254, 109 S.W.2d 165, 166 (Comm'n App. 1937) ("if the companies have led the other party, to his prejudice, to his expense, to understand that such forfeitures, such breaches of warranties and conditions, would not be insisted upon, then the companies would be estopped from asserting such defenses."); Matter of Marriage of Rutherford, 573 S.W.2d 299, 301 (Tex. Civ. App.—Amarillo 1978, no writ) ("The holder of a note may waive the right to foreclose as to past defaults where late payments have been regularly accepted and notice has not been given that future defaults will provide the basis for foreclosure proceedings.").

[40] *See* Dkt. No. 1, Attach. 4 at p. 2, ¶8 ("[A]t no time prior to the installment for which acceleration was made did the Defendant ever inform the Plaintiffs that late payments would no longer be tolerated.").

[41] Dkt. No. 4 at p. 4, ¶7.

[42] *See* Dkt. No. 5 at p. 3, ¶11 ("Plaintiffs have alleged in its pleadings that Defendant has waived right to accelerate and foreclose.").

include the required notice of intent to accelerate. The Court has no information on whether the notice of default was served pursuant to the contract, or whether that notice also included notice of intent to accelerate.[43] Indeed, Defendant's attempt to accelerate the loan could also provide such notice, if Plaintiffs have defaulted again after the attempted acceleration and foreclosure,[44] but again the Court has no information about the history of payments.

However, though neither party has seen fit to provide a simple case history, Plaintiffs have alleged that they established a history of late payments, and that the loan was accelerated without the notice required under Texas law. Taking as true these pleadings and casting them in the best possible light to the nonmovant,[45] Plaintiffs have alleged facts sufficient to support a claim under Texas law. While further details of the alleged late payments would bolster Plaintiffs' complaint, such details are not required to assert a claim that Defendant failed to deliver the required notice of intent to accelerate. The allegation that Defendant failed to provide notice is a factual rather than legal assertion, and needs no further support, since Plaintiffs can scarcely provide the date and details of a notice that has not been delivered.

## IV.   Holding

Defendant is correct that a request for declaratory judgment does not create a separate cause of action.[46] However, the Court's denial of the motion to dismiss also means that a case or controversy, suitable for a declaratory judgment, exists here. Texas law requires notice of intent to accelerate a loan before acceleration on the basis of a late payment, especially where the conduct of the parties has established a pattern of late payments. Because Plaintiffs have alleged Defendant failed to give such notice, they have stated a claim on which relief may be granted.

---

[43] If the contractual default process was followed, and notice of intent to accelerate included, then summary judgment might be appropriate on relatively little evidence.
[44] *See* Bowie National Bank v. Stevens, 532 S.W.2d 67 (Tex. 1976).
[45] *Twombly*. at 555.
[46] Dkt. No. 9 at p. 3.

The back-and-forth over the waiver theory and the nonwaiver clause process misses the point, but a simple clarification over the history of the default process in this case would likely go far toward establishing the parties' legal rights. Because Defendant has failed to show that Plaintiffs have no possibility of recovery under Texas law, the motion to dismiss is **DENIED**.

IT IS SO ORDERED.

DONE this 3rd day of December, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE